UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21406-BLOOM/Louis

ZONYA A. FLEMINGS,

    Plaintiff,
v.

MIAMI-DADE COUNTY, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Court's Leave to Amend Complaint & Plaintiff's Motion for Action on the Master Report, ECF No. [46] ("Motion for Leave"), and Plaintiffs' Unopposed in Part Motion for an Appointment of Counsel under 28 U.S.C. § 1915(e)(1) along with the Reinstatement of the Order Issued by the Honorable Judge Graham (Case #18-cv-24861, DE20) while in Pursuant of FRCP Rule 12(g)(1), ECF No [47] ("Motion for Appointment of Counsel") (collectively, "Motions"). The Court has considered the Motions, the record in this case, the applicable law, and is otherwise fully advised.

In the Motion for Leave, Plaintiff requests the Court grant her leave to amend her Complaint, ECF No. [1], and to re-open Civil Action No. 18-cv-24861, which lawsuit was assigned to another court and closed on March 26, 2020 following a ruling on a motion to dismiss. ECF No. [46]. In the Motion for Appointment of Counsel, Plaintiff requests that the Court appoint counsel for her and reinstate and adopt in this case an order from Case No. 18-cv-24861, on February 15, 2019, which referred that case to the Volunteer Attorney Program. ECF No. [47]. The Court construes Plaintiff's latter request as a motion to refer the instant proceeding to the Volunteer Attorney Program.

Case No. 20-cv-21406-BLOOM/Louis

Upon review, the Court finds Plaintiff's requested relief in the Motions to be unwarranted. First, the Motion for Leave is moot in light of the Court's August 26, 2020 Order granting Plaintiff leave to amend her Complaint. ECF No. [44]. Second, Plaintiff provides no authority for the Court to re-open a case brought before a different court. Third, although Plaintiff refers to this lawsuit as a "criminal matter," *see, e.g.*, ECF No. [47] at 1, 5, that characterization is inaccurate. A plaintiff has no constitutional right to counsel in a civil case, and the decision to appoint counsel is in the court's discretion. *Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006). Counsel should only be appointed in "exceptional circumstances." *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)). Exceptional circumstances exist when there are "facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)) (quotations and alteration omitted). "'The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.'" *Suggs*, 199 F. App'x at 807 (quoting *Kilgo*, 983 F.2d at 193). After reviewing the record, the Court does not find this case presents such exceptional circumstances that counsel should be appointed. Finally, Plaintiffs' request for referral to the Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis if so desired, is premature until Plaintiff files an operative amended complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion for Leave, **ECF No. [46]** is **DENIED AS MOOT**, and the Motion for Appointment of Counsel, **ECF No. [47]**, is **DENIED**. Plaintiff may renew her request for referral to the Volunteer Attorney Program after filing an amended complaint.

Case No. 20-cv-21406-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 2, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Zonya A. Flemings
PO Box 350371
Jacksonville, FL 32235-0371
Email: ZFLEMINGS@ZONYAS.NET