**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-21406-BLOOM/Louis**

ZONYA A. FLEMINGS,

    Plaintiff,
v.

MIAMI-DADE COUNTY, et al.,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Motion to Join Parties, Motion for a Writ of Mandamus, & Motion for Immediate Financial Relief, ECF No. [66] ("Motion for Leave"), Motion for Relief from Order that Granted Parties Joint Response(DE65) to Order to Show Cause(DE62) and Request for Extension (DE64), ECF No. [72] ("Motion for Reconsideration"), and Defendants' U.S. Security Associates and Board of County Commissioners, Miami-Dade County, Florida's Motion to Dismiss, ECF No. [69] ("Motion to Dismiss") (collectively, "Motions"). The Court has considered the Motions, the record in this case, the applicable law, and is otherwise fully advised.

On April 1, 2020, Plaintiff filed her initial complaint, ECF No. [1], and on October 2, 2020, following leave of Court, Plaintiff filed the operative Amended Complaint, ECF No. [60]. Before Defendants filed their now-pending Motion to Dismiss, ECF No. [69], Plaintiff filed the instant Motion for Leave. That motion seeks (1) to join certain parties as co-defendants that were named in the original complaint but "inadvertently omitted" from the Amended Complaint; (2) a writ of mandamus ordering a bank and the Erie County Court of Common Pleas to cease and desist with all legal actions against Plaintiff in a mortgage foreclosure matter in Pennsylvania state court; and

Case 1:20-cv-21406-BB Document 74 Entered on FLSD Docket 10/28/2020 Page 2 of 4

Case No. 20-cv-21406-BLOOM/Louis

(3) an order immediately requiring that Plaintiff be rehired by her former employers and placed on administrative paid leave.

Separately, on October 14, 2020, the Court entered an Order to Show Cause requiring Plaintiff to comply with the requirements of the FLSA Order, ECF No. [43], by no later than October 26, 2020. ECF No. [63] ("Order to Show Cause"). In particular, Plaintiff failed to timely file a notice of compliance that it had served a copy of the FLSA Order, the statement of claim, and copies of all supporting documents (including time sheets, pay stubs, etc.) upon counsel for Defendants. On October 28, 2020, without having obtained leave of Court, Plaintiff filed her Second Amended Complaint, ECF No. [70] ("SAC"), which includes the previously omitted defendants. That same day, Plaintiff also filed an untimely response to the Order to Show Cause, ECF No. [71], which does not address the matters at issue in the Order to Show Cause but merely estimates the amount of wages that she is allegedly owed. She likewise filed the Motion for Reconsideration, ECF No. [72], in which she appears to request that she be relieved from having to mediate her claims. *See also* ECF No. [65] (amending the Scheduling Order and setting January 5, 2021 as the deadline for the parties to select a mediator). Finally, Plaintiff filed a response to the Motion to Dismiss, ECF No. [73], mistakenly stating that Judge Moreno "has resumed presiding Judge over this case" and generally representing, without any analysis, that she denies and avoids the Motion to Dismiss. *Id.* at 2.

Upon review and consideration, the Court will accept *pro se* Plaintiff's SAC even though it was filed without leave of Court. In particular, it re-adds two Defendants that Plaintiff failed to include in her Amended Complaint (before the instant Motion to Dismiss was filed) and it renders moot the pending Motion to Dismiss. However, Plaintiff is cautioned that she must comply with governing procedural rules in the same way that all litigants must follow them. Further non-compliance will not be regarded positively by the Court nor excused. In this respect, the Court

(3) an order immediately requiring that Plaintiff be rehired by her former employers and placed on administrative paid leave.

Separately, on October 14, 2020, the Court entered an Order to Show Cause requiring Plaintiff to comply with the requirements of the FLSA Order, ECF No. [43], by no later than October 26, 2020. ECF No. [63] ("Order to Show Cause"). In particular, Plaintiff failed to timely file a notice of compliance that it had served a copy of the FLSA Order, the statement of claim, and copies of all supporting documents (including time sheets, pay stubs, etc.) upon counsel for Defendants. On October 28, 2020, without having obtained leave of Court, Plaintiff filed her Second Amended Complaint, ECF No. [70] ("SAC"), which includes the previously omitted defendants. That same day, Plaintiff also filed an untimely response to the Order to Show Cause, ECF No. [71], which does not address the matters at issue in the Order to Show Cause but merely estimates the amount of wages that she is allegedly owed. She likewise filed the Motion for Reconsideration, ECF No. [72], in which she appears to request that she be relieved from having to mediate her claims. *See also* ECF No. [65] (amending the Scheduling Order and setting January 5, 2021 as the deadline for the parties to select a mediator). Finally, Plaintiff filed a response to the Motion to Dismiss, ECF No. [73], mistakenly stating that Judge Moreno "has resumed presiding Judge over this case" and generally representing, without any analysis, that she denies and avoids the Motion to Dismiss. *Id.* at 2.

Upon review and consideration, the Court will accept *pro se* Plaintiff's SAC even though it was filed without leave of Court. In particular, it re-adds two Defendants that Plaintiff failed to include in her Amended Complaint (before the instant Motion to Dismiss was filed) and it renders moot the pending Motion to Dismiss. However, Plaintiff is cautioned that she must comply with governing procedural rules in the same way that all litigants must follow them. Further non-compliance will not be regarded positively by the Court nor excused. In this respect, the Court

notes that Plaintiff has responded to the Order to Show Cause, but her response is both untimely and otherwise fails to comply with the FLSA Order. Accordingly, Plaintiff will be extended one final opportunity to comply with the FLSA Order and the Order to Show Cause.

As provided in the FLSA Order, Plaintiff shall file an independent "Statement of Claim" setting forth, with respect to each defendant, (1) an initial estimate of the total amount of alleged unpaid wages; (2) a preliminary calculation of such wages; (3) the approximate period during which the alleged FLSA violations occurred; and (4) the nature of the wages (e.g., overtime or straight time). Additionally, Plaintiff shall file a notice of compliance that she has served a copy of the FLSA Order, the Statement of Claim, and copies of all supporting documents (including time sheets, pay stubs, etc.) upon counsel for Defendants. *See* ECF No. [43]. As noted in the Order to Show Cause, the failure to comply "will result in sanctions, including dismissal without prejudice without further notice."

Turning to the remaining issues with the Motions, as to the Motion for Leave, Plaintiff provides no grounds for the Court to enter a writ of mandamus directed at her Pennsylvania state court action nor does she provide any bases for the Court to enter an order for Plaintiff to be immediately rehired and placed on administrative paid leave. These requests are therefore denied. Similarly, the Court finds no reason to exempt Plaintiff from mediating this case or to amend the Scheduling Order's meditator selection deadline. The Court expects Plaintiff to adhere to these deadlines.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Leave, **ECF No. [66]**, is **GRANTED IN PART AND DENIED IN PART**. Defendants' response to the Second Amended Complaint, ECF No. [70], is due on or before **November 12, 2020**.

2. The Motion to Dismiss, **ECF No. [69]**, is **DENIED AS MOOT**.

Case No. 20-cv-21406-BLOOM/Louis

3. The Motion for Reconsideration, **ECF No. [72]**, is **DENIED**.

4. Plaintiff must comply with the FLSA Order, ECF No. [43], and Order to Show Cause, ECF No. [63], no later than **November 6, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 28, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Zonya A. Flemings
PO Box 350371
Jacksonville, FL 32235-0371
Email: ZFLEMINGS@ZONYAS.NET